UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MYRISHA SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cv-0251 |
| | ) | |
| COLLINS MOBILE, LLC, | ) | **C O M P L A I N T** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMAND** |

COMES NOW the Plaintiff, MYRISHA SMITH (hereinafter "SMITH") by counsel, and for her Complaint against COLLINS MOBILE, LLC, (hereinafter "COLLINS"), based upon information and belief, alleges as follows:

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to SMITH who was adversely affected by such practices. As alleged with greater particularity below, SMITH alleges that COLLINS denied her a reasonable accommodation of her sincerely held religious beliefs, and terminating her employment because of protesting about religious discrimination in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Southern District of Indiana.

## PARTIES

3. The Plaintiff is a citizen of the United States and is a resident of Madison County, Indiana.

4. At all relevant times, COLLINS MOBILE, LLC is an Indiana Limited Liability Company with their principal office located at 1139 South Baldwin Avenue, Marion, Indiana, 46953

5. COLLINS is an employer engaged in an industry affecting commerce within the meaning of Title VII.

## PROCEDURAL PREREQUISITES

6. On or about August 12, 2019 SMITH filed a charge of religious discrimination and retaliation against COLLINS with the U.S. Equal Employment Opportunity Commission.

7. SMITH received her Notice of Suit Rights from the EEOC on or about October 31, 2019 and not more than 90 days has elapsed since receipt thereof.

8. All other procedural perquisites to this suit have been met.

## FACTUAL ALLEGATIONS

9. Plaintiff is a practicing member of the African Methodist Episcopal Zion Church ("AME ZION Church").

10. A tenant of her faith is to observe the Sabbath and to refrain from working on Sunday.

11. Sometime on or about August 8, 2018 Plaintiff began working for COLLINS in a part-time position approximately 20 hours per week as a 'Mobile Expert'.

12. At the time of Plaintiff's hire, Plaintiff had requested Sundays off from work to accommodate her religious beliefs.

13. At the time of Plaintiff's hire, COLLINS had accommodated Plaintiff's request for Sundays off.

14. Sometime in or about June 2019, COLLINS, Regional Manager Megan Strange ("Strange"), informed Plaintiff that she would now be required to work Sundays while at the COLLINS' Anderson Indiana store.

15. Strange informed the Plaintiff that COLLINS would no longer accommodate Plaintiff's request for Sundays off.

16. On or about June 16, 2019, Plaintiff was required to work Sunday or face termination of employment.

17. Throughout the day on which Plaintiff had to work or face employment termination, Plaintiff experienced extreme anxiety because she had violated a tenant of her faith, and was forced to work on the Sabbath.

18. On or about June 16, 2019, SMITH complained to COLLINS Manager Sidney Bassett, ("Bassett") about working on Sunday.

19. On or about July 19, 2019 SMITH was terminated from employment for "*Behavior and conduct that is creating a disruptive behavior, which is hurting the morale of the store* **and** *impacting the store's profitability* and *multiple attendance issues and inconveniencing other employees that have to provide additional shift coverage.*"

## COUNT I
*Discrimination on the Basis of Religious*
*Under Title VII of the Civil Rights Act of 1964.*

20. SMITH restates each and every allegation listed above herein.

21. SMITH is a devoted member of the AME ZION Church, and as part of her closely-held religious beliefs she refrains from working on Sundays for observance of the Sabbath.

22. The term "religion" is defined to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

23. COLLINS was fully aware of SMITH's membership in the AME ZION Church, and had accommodated her religious beliefs for nearly a year granting her Sundays off.

24. Since beginning on or about June 16, 2019, COLLINS engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 20000e-2(a).

25. It would not have been an undue hardship for COLLINS to continue to accommodate SMITH's religious observance of the Sabbath by granting her Sundays off.

26. COLLINS' acts and omissions in this matter discriminated against SMITH because of her closely-held religious beliefs.

27. COLLINS violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(l), which makes unlawful discrimination against employees on the basis of religion.

28. COLLINS retaliated against SMITH when it discharged her because of her complaining to COLLINS about working on the Sabbath.

29. COLLINS' actions were intentional, willful, malicious and/or done with reckless disregard for SMITH's federally protected rights.

30. As a result of COLLINS discriminatory actions, SMITH has suffered and will continue to suffer monetary damages and damages for mental anguish unless and until the Court grants relief.

## COUNT II
### *Retaliatory Discharge*

31. SMITH restates each and every allegation listed above herein.

32. COLLINS retaliated against SMITH in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*

33. SMITH engaged in Title VII protected activity, including, but not limited to, opposing COLLINS' unlawful employment practice of requiring SMITH to work on the Sabbath when protesting the employer's actions to Bassett.

34. COLLINS took adverse an employment action against SMITH in retaliation for her actual and perceived Title VII protected activity, including, but not limited to, terminating SMITH's employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

    a. Grant a permanent injunction enjoining COLLINS its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in religious discrimination and any other employment practice, which discriminates on the basis of religion, and from engaging in retaliation;

    b. Order COLLINS to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals of all religions, and which eradicate the effects of its past and present unlawful employment practices;

    c. Order COLLINS to make whole Myrisha Smith by providing appropriate front pay and back pay with prejudgment interest, in amounts determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

    d. Order COLLINS to make whole Myrisha Smith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, including front pay, job search expenses, relocation expenses and other amounts to be determined at trial;

    e. Order COLLINS to make whole Myrisha Smith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

    complained of herein, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

f. Order COLLINS to pay Myrisha Smith punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

g. Award Myrisha Smith costs of this action including reasonable attorneys' fees, and any such further relief as the Court may deem just, proper and equitable;

h. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

        Respectfully submitted,

        */s/John Robert Panico*
        John Robert Panico, (Atty. No.24039-48)
        PANICO LAW LLC
        9465 Counselors Row, Suite 200
        Indianapolis, IN 46240
        (317) 759-7464
        panico.avoue@gmail.com

        *Counsel for Plaintiff Myrisha Smith*